## VAN PRATHER'S ADMR. *v.* A. PRATHER.

**Gift of an Estate.**

   The declaration of a person that he intends to give to another personal property (a note), is not a gift, and a gift can not be implied where the alleged donor holds the possession of the note up to the time of his death, and the proof shows the note was against his brother and it was never his intention to require its payment.

### APPEAL FROM NICHOLAS CIRCUIT COURT.

May 30, 1885.

OPINION BY JUDGE PRYOR:

We find no such state of facts in this case as would authorize the chancellor to take this entire estate and give it to those with whom the intestate, Van S. Prather, resided. It is immaterial whether the claimant, A. Prather, was or was not a competent witness, and we think he was not, when, looking to the entire proof, no case is made out for a recovery of the land or money by the appellee, Mrs. Ralls. There was no gift inter vivos of the note, and nothing more than the declaration of a purpose on the part of Van Prather to give his estate to his niece and brother. The note was in the possession of the intestate up to his death, and the proof is that this note was not to be paid by the brother of the intestate, but at any time when he saw proper, the latter was to discharge the note by conveying to Mrs. Ralls as much of the land as nineteen hundred dollars would pay for. The time of the conveyance was left optional with Andrew Prather, and when the intestate died, Andrew was to burn up the note, so there would have been no evidence of any liability whatever of the existence of this trust as now being set up in favor of the appellee. The testimony of the plaintiff shows a recognition by Andrew of his indebtedness to his brother and the

peculiar facts of this case refute the idea that any such agreement as is alleged by Andrew was ever made, and that all that took place was the purpose on the part of the intestate to give and on the part of Andrew and his niece to receive his entire estate. If the testimony was competent the judgment should have been against the enforcement of such a trust. The testimony for the plaintiff who is representing the intestate makes it almost certain that no such trust existed. That Andrew and his family including Mrs. Ralls were kind and attentive to the intestate during many years and deserved to be rewarded is manifest, but to divest those entitled as next of kin of the entire estate or of their interest on such proof as this would be simply a gift by the chancellor in compliance with a purpose on the part of the intestate to reward the appellees for their kindness to the latter for so many years during his sad affliction. The appellee, Andrew, has applied to a court of law and obtained a judgment for near nine hundred dollars for his labor and that of his wife in waiting upon the intestate.

The judgment is in full force and with it the parties seem to be content. We have examined the account filed to ascertain whether in the common-law action there was any claim for board on the part of Andrew and find that the claim is for services only, and from the character of the proof we are inclined to conclude that no such claim was asserted.

It was alleged in the answer of Andrew that the interest on this note or the use of the money was to compensate him for the board of his brother; and then there is proof showing outside of Andrew's statement that he was to pay board.

So in the final adjudication of this case no interest should be allowed on this note up to the death of the intestate. The note should bear interest from his death and then credited by the amount of the judgment at law at the time it was rendered for his services and that of his wife in waiting upon him. The result will be the balance due the administrator of Van Prather. There is nothing in the case authorizing the chancellor to take the money of the intestate and buy land for the appellee, Mrs. Ralls, and her claim should be dismissed. The judgment is reversed for proceedings consistent with this opinion.

Judgment *reversed.*

*Henry L. Stone, for appellant.*
*Wm. Lindsay, W. P. Ross, for appellee.*